Good morning, Your Honor. If it pleases the Court, my name is Stephen Volker. I'm appearing on behalf of appellants in this matter. I would like to reserve five minutes, if that is permissible, for rebuttal. Counsel, let me tell you what's on my mind in this case so you can educate me about it. Sure. It looks to me as though the remedy sought is all cash, and it all comes from the state. And although it's formulated in somewhat different terms, I believe Supreme Court authority is now clear that when a plaintiff seeks an injunction to have a state pay him cash or a declaratory judgment that the state owes him cash, it's still barred by the Eleventh Amendment. We had a case go up on this some years ago called Blatchford v. No Attack. And even in the context of Indian law, the Supreme Court said that. They seem really absolute about it. So why isn't this just such a case? I think there are at least two reasons that come to mind. First, we seek a declaratory and prospective injunctive relief directing the PUC to provide notice and a hearing. And that is one of the forms of relief with respect to the setting of rates for Mr. Volcker, me. Counsel, let me interrupt you on that. Where in the complaint do you ask that? Because I didn't see it. In the prayer for relief, starting at page 11 of the First Amendment amended complaint, relief requested has to do specifically with the rates and a requirement of recalculation of fees. The prayer does ask for a declaration that the determinations in ALJ 184 and D05-11031 be found invalid because they were based on a proceeding for which no constitutionally required notice was provided. But that's not the relief you seek. Presumably, ordinarily in a case in which the issue is a failure of notice or procedure, the remedy is notice and a procedure. Obviously, you want something out of that. A person who's been fired wants their job back. If they get their hearing, they think they will. But they don't get to ask for the job back. They only get to ask for the hearing. And I guess what we're struggling with is, notwithstanding the remainder of the complaint, none of the relief requested in Part 10 actually asks for hearing. The body of the complaint, I think, governs the scope of the rights sought to be vindicated. I don't see why it does. Ordinarily, if you want to know what a party wants, you look at the prayer, because often the body will set out claims that might give rise to various forms of relief, but the plaintiff's, the master of his complaint, decides what he wants to ask for. For example, to avoid federal jurisdiction in a claim filed in state court or to avoid a Rule 11 dismissal, people formulate their prayer. And all I see here is you want a declaration that the rates they used are invalid and an injunction telling them to recalculate your fee and an injunction telling them that they can't use a rate other than the market rate. And that's it. You don't ask for a new hearing after sufficient notice. Am I missing something there? The first claim for relief in the case made clear that the gravamen of the complaint was affair to provide notice and a hearing. And you do have your sort of catch-all at the end, Part C, of the prayer for relief, such other and further relief as may be just and appropriate. But I guess what is of concern, it sounds like to at least two of us on the panel here, is that insofar as you ask for anything other than notice and a hearing, it would appear that there's an Eleventh Amendment bar. And there are two other responses, Your Honor. First of all, with regard to cash judgments against the State, in this case, the rate recovery would not be paid out of the State's coffers but rather is assigned to Pacific Gas and Electric Company or whatever utility is the utility in question in the proceeding. So it's not asking for a judgment against the State's coffers, but rather for a determination that the utility in question should pay at that higher rate. And, in fact, it is the utility that pays these. I don't see that. And I'm looking at the list of defendants on your First Amendment complaint. I don't see a utility name. The utility pays the rate, Your Honor. You mean the ultimate incidents will fall on the utility? No. Actually, the PUC would then direct that the rate be paid by the utility. That would be the ultimate incidents falling on. But you're not suing the utility, as far as I can tell. Or am I missing it? It looks like California Public Utilities Commission and then a bunch of people in their official and individual capacity who I think are the commissioners. That's correct. What is sought is not any cash payment, but rather an order directing the PUC to provide notice and a hearing for the purpose of properly establishing a rate, that rate under the Public Utilities Code. Where is it? Pardon me? Where is it? I've got the complaint here. I just want to read it. The as I indicated, the first claim for relief alleges that notice and hearing was not provided. The prayer for relief does ask for such other and further relief as the Court may deem just. I might add that when this issue. Usually that means interest, attorney's fees, that sort of thing. Well, in this case, I think it should be given a reading consistent with the allegations of the complaint, which is. Counsel, let me just cut to the chase here for my own thinking. If we were to disagree with you about whether the payments constitute payments from the State's coffers, at least in the 11th Amendment sense, it would appear that the most you could be left with is a request for notice and a hearing. Period. Yes. Permissibly. Yes. And it's your contention that taking the complaint as a whole, that that request is part of what you're asking for. Yes, Your Honor. And to the extent there was lack of clarity, we requested leave to amend the complaint from the district court in our motion for reconsideration, which was denied. And under Rule 15, leave to amend is liberally granted, whereas here the prayer is overbroad, but the complaint clearly does raise in its first claim for relief a deprivation of federally protected due process. I don't understand. Right now you're talking about due process, denial of notice and a hearing. No question that's due process, right? Yes. However, when I look at your claims for relief, the first claim says for denial of due process, and it says that the wrong hourly rate was assigned and the commission's continuing actions to circumvent plaintiff's without notice to care or Volcker violate the Fifth and Fourteenth Amendments. And the second one says that the continuing action to miscalculate the fees deprive you of property without due process of law. Now, I guess you mentioned notice in paragraph 37, but the gravamen of it is about miscalculation of fees, and were we to ask in our minds the question, is what you're asking for a new hearing with adequate notice, we then look at the prayer and you don't. In paragraph 36, the first sentence says, in freezing CARES lead counsel's assigned hourly rate at a lower below market rate without giving plaintiff's notice and an opportunity to be heard to correct this error, the commission violated plaintiff's due process rights. Paragraphs 1, 2, and 3 also mention the failure of notice. I think that it's pretty clear the first claim for relief does allege a deprivation of due process. It's entitled for denial of due process rights secured by the Fifth and Fourteenth Amendments of the U.S. Constitution. So I think what we have here is a complaint that I believe fairly alleges a deprivation of federally protected due process. Incidentally, is there some regulation that says that in setting a rate, they have to give you notice in a hearing? They don't have some regulation that says this is the rate or something like that? I'm not aware of any regulation that defines the scope of the notice required. Here's what I'm thinking about. I'm not being clear. When I used to do court appointments at the beginning of my law practice, the State of Alaska had a rate, and they didn't give us notice in a hearing so we could argue about what it was because there was no individualized rate-setting process. You wanted to do court appointments, that's what they pay you. I think it was $100 an hour in those days, and you don't, you don't. That's the price. Is this like that, or is this a procedure where, like we do sometimes in court, where the lawyer requests attorney's fees and says, here's what I want, and the judge then makes an individualized determination? The procedure under the California Public Utilities Code, as expressed in Section 1806, is to require the commission to establish a rate for an intervener representative that can be an expert or a lawyer, based on consideration of the market rate for an individual of similar experience and training based on services that are similar. So it's like a court procedure? You apply for a rate and it's individualized? Yes. I would say it's similar to the process employed by Federal courts in enforcing fee-shifting statutes where the reasonable market rate is determined in reference to a specific individual's background and qualifications. In California State court, a similar process is available, which would look at the reasonable market rate in the relevant legal community. Thank you, Counsel. You've exceeded your time, but a lot of it was our questions, so we'll restore some rebuttal time for you. Thank you. We'll hear from the State. Good morning. May it please the Court. My name is Kimberly Lippey. I am representing the defendants' appellees in this case, the California Public Utilities Commission and the commissioners. To go off of what was discussed earlier about remedies, I think that the Court has hit the nail on the head here. Well, let me just ask you the same question I asked opposing counsel. If it is one fair reading of this complaint that one of the remedies sought is notice and a hearing, period, is that something that should have been dismissed? If we're assuming that the complaint did properly assert notice and a hearing and that's all that it did. Well, no, it doesn't matter if it's all that it did because there are various claims in a complaint and some may survive and some may not. So that isn't exactly my question because it's clear that there's more than that. But if you take paragraphs 1, 2, 3, 35, 36, and 37 and the generic claim for relief, is it fair to construe that as encompassing just a request for notice and a hearing, which is typical of a due process claim? No. My answer would be twofold here. First of all, if you look at the complaint in its entirety, in looking at whether Pennhurst applies in the Eleventh Amendment, the inquiry is to look at the gravamen of the complaint. Right. I don't deny that the plaintiff has peppered his complaint with allegations of due process and notice requirements. But if you read the whole complaint, he's tacked those on to what are basically his state law complaints. Well, he's entitled to do that. People can bring 47 different claims and if one of them is cognizable, you can't throw out that one, even if you can throw out 46 of them. So I guess I don't understand that particular answer. Well, in this case, the district court did get it right. He did not look just at the prayer for relief that was asked for by the plaintiff. We have to know for review of whether the complaint states a claim, don't we? Yes. Okay. And we don't think that it does properly state a claim for notice. Let me ask it a different way, then. If we were to disagree with you about that and were to read this as, among other claims, which may very well be barred, as asking for notice and a hearing, period, is that a cognizable due process claim? I would — my answer to that would be — Not that he would win, but is it fair to say that that's not something that could be dismissed just on the basis of the complaint itself? Well, in this case, it would be dismissed because Rooker-Feldman would still apply, and also Res Judicata would still apply. Why would Rooker-Feldman apply when the question is whether someone is entitled to notice and a hearing? Rooker-Feldman would apply because, as we have argued in our brief, the plaintiff did raise the notice issue and the due process issues in their pleadings before the State Court of Appeal. So because he raised those claims, he raised allegations directed at the 05-11031 decision and the ALJ-184 resolution going to the State law claims, but he also raised a notice issue with regard to those decisions and due process. So in that regard, even if the complaint did properly state a due process claim, the complaint would — it would still be barred by Rooker-Feldman. I think I don't fully understand the procedure here. Notice and a hearing is kind of a shorthand because for different kinds of things, different kinds of notice are required, different kinds of hearing are required. Lay out briefly just what happened procedurally and how it works. You heard my question about the two different kinds of attorney's fee setting. Lay it out so I understand it in this case. Right. Okay. As far as the procedures for establishing rates, there's sort of two tracks here that we're talking about. One is the commission has instituted a yearly — an annual procedure for updating intervenors' rates. And what it has done there is look at various groups of practitioners, and it said that we think that this range of rates is reasonable for attorneys with that amount of experience. And that is where the rate came from for this plaintiff? No. That's not where the rate came from for this plaintiff. The rate for this plaintiff came from an — initially came from an 03 decision. There was a 2003 decision which awarded Mr. Volcker a rate of $250 an hour. That's the rate he requested, and that's the rate that he got. What was the procedure for choosing that rate? He asked for that? Yes. He asked for that rate. And there was nothing in the record that prevented him from seeking a higher rate. That's the rate that he asked for, and that's the rate that he got. So in the meantime — Then what happened? Yes. So then what happened was then there was the ALJ resolution and the decision, the 05 decision, which implemented a general review of rates, of intervenor compensation rates. And that was the general intervenor's rates, not the individualized — Right. There's no individual rate set in that case. There's no individual — 2005 general intervenor's rates. Was there notice — and there was notice in a hearing for that. There was notice in that. The commission followed its notice procedures. It put notice in its daily calendar of that proceeding, and it also had notice on the website. And those are in our supplemental excerpts of the record. So then what happened was Mr. Volker came back in 2006, and this is an individual proceeding where he had notice and he participated in that proceeding, and the commission looked at — What do you mean came back? What did he do? Well, he — at that point, he participated in a proceeding before the commission. I believe it's the Jefferson Martin — Represented. Represented a client at the commission. And he went — he filed for intervenor compensation there. So he definitely had notice and participated in that proceeding. And he had the opportunity to present evidence in that proceeding as to what his market rate should be. Now, the commission doesn't — has interpreted the Public Utilities Code 1806 to mean that the market rate that an intervenor gets is — And you put in affidavits and such saying — Exactly. — what your rate is, what the market is, how many hours you spent. Exactly. Exactly. How many hours you get, what specific work you did in that case, what your experience is. The commission looks at — and it looked at in this case, in every case that Mr. Volker has come to the commission, it looks at what his market rate is outside of the commission. Okay. And then the commission looked at his evidence and assigned a rate? Yes. And so what the commission — Then what happened? So the commission at that point looked and saw that he had been earlier assigned the rate of $250, and that was found to be reasonable and in compliance with Section 1806. And it looked at his evidence saying — in which Mr. Volker claimed that he was entitled to a rate of $400 per hour. But the problem here is that he never followed the commission's requirements to demonstrate how his experience outside of the commission related to the work that he performed at the commission. Okay. I don't care whether the commission was right or wrong. I'm just trying to understand the procedure. Okay. So that's the procedure. So the commission looked — Then what happened? He puts in for a $400-an-hour rate. Right. And he gets $250. And was the $250 the rate that had been arrived at after that general proceeding with notice and a hearing? This is what interveners get. Well, in the 2006 decisions, he actually got a rate of $270. The commission looked at the $250 rate that was earlier assigned. It applied — I believe it was an 8 percent increase for inflation. And it arrived at a rate of $270. So it found that that rate was reasonable based on Mr. Volker's experience before the commission. And it found — it also found that that rate fell within the range of rates that the commission had adopted as reasonable in the 05 decision. So that was within the 2005 range. Right. Okay. Now this is — I'm starting to — now I'm starting to understand it. Sure. So — What was it? It was a range, and there were rates higher than the $270 and lower than the $270 that could have been awarded? Right. The range was, I believe, $270. I'm not sure what the upper range was, $400. You gave me at the low end of the range, and you should have given me at the high end of the range. Right. And the commission — yes. And the commission's response is, you never came and showed how your — Did he have some procedure available to him for requesting a reconsideration or something? Absolutely. Absolutely. Every time — And did he? Well, let's see. With regard to the 06 decisions, he filed a petition for modification with the commission, and he filed a petition for rehearing with the commission. And then those are the decisions that went to the California State Court of Appeal. And there are regulations or rules that say you apply, we order, you can move to reconsider? Yes. Yes. The California Public Utilities Code gives the plaintiff that remedy. And then at that point, they have the remedy of going to the state court for a petition for review. So — So there's a procedure by rule? Yes. Yes. And is there some claim that he didn't follow their rules? I don't believe that there's a claim that he was deprived of an opportunity to file for rehearing or denied the opportunity to go to the state court for review. Okay. Now I understand the procedure. Thanks. Yes. You may sum up. You've exceeded your time, but feel free to sum up briefly. Thank you, Your Honor. So in brief, to follow this discussion, my question would be, what would Mr. Volcker want this notice and hearing to be about? If it's about what his market rate should be outside the commission, he has had that opportunity at every instance when he comes and claims intervene or compensation at the commission. And if he's asking for an opportunity to challenge the commission's interpretation of Public Utilities Code 1806, he also has that opportunity to do so before the annual updating proceedings that the commission engages in. And other than that, I would just say that the district court got this case right, that in looking at the gravamen of the complaint, what Mr. Volcker is complaining about here is the rates that he was awarded. He's complaining that we, that the commission has misinterpreted state law, and he's asking the district court to compel the commission to apply and interpret state law, and that is barred by Pennhurst. And in this case, the court also correctly found that Rooker-Feldman was a bar, a jurisdictional bar. Thank you, counsel. Thank you. Mr. Volcker, we gave the other side a little extra time, so you may have two minutes for rebuttal. All right. The applicable law is set forth in cases we cite in our reply brief at page 3, footnote 1. Dismissal for lack of subject matter jurisdiction is appropriate if the complaint considered in its entirety on its face fails to allege facts sufficient to establish subject matter The case is cited on pages 14 and 15, Republican Party of Guam and the Moss case, in which the court made clear that it was the allegations of the complaint, not the prayer that defined the claim. Counsel, specifically what procedure do you allege was denied? Procedure, not substance. Yes. The characterizations of the procedure by opposing counsel are completely false. Decision 05-11031, for which no notice was provided to the appellants, provides, and this is quoted on page 10 of our reply brief, that there are only three circumstances under which there can be an increase in the rate authorized in that decision, and none of those apply, as we explain in the brief at that point. Also, the commission has previously stated in its briefs that in decision 05-1103, the commission, quote, adopted rates for individual advocates based on their specific training and experience, close quote. That quote appears on page 9 of our reply brief. There were 18 intervenor counsel whose rates were fixed in D05-11031. Notice was not provided to many of those individuals. There was selective notice provided to certain frequent intervenors, but not to appellants in this case. So the procedure that was not ---- The way the notice in hearing goes on attorney fee setting is you're heard because you submit materials with your application for attorney's fees. Your Honor, I beg to differ. In this case, contrary to counsel's false assertions, in each and every case where fees were sought subsequent to D05-11031, the PUC denied the fair market rate and referred back to D05-11031 as having determined the rate that governed my rate. That's all explained in the brief. So there was never any opportunity, contrary to the assertions of counsel, to change that rate. It's a base rate that's fixed subject only to the three narrow exceptions which don't apply, and those are explained on page 10 and 11. I'm out of time. Yes. Thank you very much. Thank you. We appreciate the arguments of both parties, and the case just argued is submitted.
judges: Carney, Kleinfeld, Graber